**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAAD ZAKY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>ODDO et al.,<br><br>　　　　　Respondents. | )<br>)<br>)<br>)　　3:26-cv-00876<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 5). Petitioner, a citizen of Egypt, is currently detained at Moshannon Valley Processing Center and has been since November 2024, when he entered the United States. Upon his entry, he was immediately arrested and processed for expedited removal. Petitioner filed an application seeking relief from removal in June 2025 which an Immigration Judge denied on the grounds that his application was incomplete. (ECF No. 10-3). Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on March 6, 2026. (ECF No. 10-4). Petitioner now argues his prolonged detention violates his Constitutional right to Due Process.

When an order of removal becomes final, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During this 90-day "removal period" detention of the alien is mandatory. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578-79 (2022). The removal period may continue past 90-days "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

1

Detention of an alien subject to a final order of removal cannot be indefinite. Ordinarily, after six months, an alien may challenge his continued detention as unreasonable. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). If "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to offer such a rebuttal, the alien's detention no longer "bears a reasonable relation to the purpose for which the individual was committed" and Due Process demands release. *Id.* (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).

Petitioner's order of removal became final on March 6, 2026, after the BIA dismissed his appeal. *See Inestroza-Tosta v. AG United States*, 105 F.4th 499, 514 (3d Cir. 2024). Petitioner's removal period began on that date, and his detention was mandatory until June 4, 2026. Respondents argue that his removal period must extend past this date, because Petitioner has refused to timely apply for the travel documents necessary for his removal. (ECF No. 10-5). Applying the above principles, the Court is constrained in this case to conclude that Petitioner has neither rebutted any presumption of lawfulness regarding his detention, *see Zadvydas*, 533 U.S. at 700, nor has he otherwise advanced evidence otherwise suggesting that it has become unlawful. Thus, his Petition for writ of Habeas Corpus, (ECF No. 5) is DENIED, without prejudice.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2026

2